IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)<br>)<br>v.                                                            )<br>)<br>**DANIEL AUGUSTO ROSA-SUAREZ,** )<br>)<br>Defendant.                             ) | Case No. 1:19CR00021-001<br><br>**OPINION**<br><br>By: James P. Jones<br>United States District Judge |

*M. Suzanne Kerney-Quillen*, Special Assistant United States Attorney, Abingdon, Virginia, for United States; *Louis Kirk Nagy*, LAW OFFICE OF LOUIS K. NAGY, PLC, Harrisonburg, Virginia, for Defendant.

The defendant has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty pursuant to a written plea agreement, the defendant was sentenced by this court on February 6, 2020, to a total term of 324 months imprisonment, consisting of 324 months on Counts One and Two and 240 month on count Three of the Indictment, all to be served concurrently. Count One charged the defendant with conspiring to distribute and possession with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Count Two charged Rosa-Suarez with conspiring to distribute and possession with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. §§

841(b)(1)(B) and 846.  Count Three charged the defendant with conspiring to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846.

The presentence investigation report (PSR) prepared in advance of the defendant's sentencing recited that a Virginia probation violation warrant had been issued for the defendant and a state probation revocation proceeding was pending in the Circuit Court for Rockingham County, Virginia.  PSR ¶ 41, ECF No. 86.  The defendant was in primary state custody at the time of his federal sentencing, and it is alleged in his § 2255 motion that following the sentencing in this court he was returned to Rockingham County and on May 26, 2020, received a seven-year state sentence.  2255 Mot. 2, ECF No. 138.  At the time of the filing of the motion, the defendant was awaiting transfer from the local jail in Rockingham County to a state prison facility for service of his state sentence.  *Id.*

In his present motion, the defendant contends that this court erred in failing to run his federal sentence concurrently with the state sentence yet to be imposed.

The government responds that Rosa-Suarez does not expressly allege ineffective assistance of counsel in his § 2255 motion and thus the waiver of collateral attack of his sentence contained in his plea agreement bars the present motion.  Plea Agreement 10, ECF No. 67.  The government alternatively contends that the conduct of his prior defense counsel passes the two-pronged *Strickland* test,

even if the § 2255 motion is construed to raise a claim of ineffective assistance of counsel.

While it is true that the defendant does not expressly use the phrase "ineffective assistance of counsel" in the § 2255 motion, I find that he does raise that issue even if not so explicitly stated. Because Rosa-Suarez raises a claim of ineffective assistance of counsel based on his express allegation that his attorney failed to raise the issue of his pending state sentencing, I find that his claim falls outside of the collateral attack waiver contained in his plea agreement.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied

on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

The defendant's previous counsel advocated for a significant downward variance from the recommended sentencing guidelines. Tr. of Sent'g Hr'g 10–14, ECF No. 153. The attorney pointed out the severity of the low-end of the guideline range at 324 months. *Id.* at 10–11. He highlighted the disparity between his client's likely sentence and a coconspirator's. *Id.* at 12. He did not, however, urge the court to consider running the federal sentence concurrently in whole or in part with any sentence that might be imposed as a result of the anticipated state probation violation hearing.

It is settled that 18 U.S.C. § 3584(a) "allows a district court to impose a federal sentence concurrently or consecutively to an anticipated state sentence." *United States v. Lynn,* 912 F.3d 212, 217 (4th Cir.) *cert. denied,* 140 S. Ct. 86 (2019). Under the federal sentencing guidelines, where the anticipated state term of incarceration is relevant conduct to the federal conviction, the court is advised to run

the federal sentence concurrently with the state sentence.  U.S. Sent'g Guidelines Manual (USSG) § 5G1.3(c).  The defendant's state probation violation charge was based on his absconding from supervision and incurring new charges in Indiana, PSR ¶ 41, ECF No. 87, and thus was not relevant conduct to his federal convictions.  While the court may run an undischarged sentence concurrently even if the conduct was not relevant, "because the Guidelines are advisory, a district court is not obligated to impose a concurrent sentence pursuant to USSG § 5G1.3." *Lynn*, 912 F.3d at 217.  Even had counsel requested a concurrent sentence, I would not have acquiesced in light of the differences between the nature of the convictions, the fact that the anticipated sentence was in state court, and the serious nature of the defendant's criminal conduct.  *See* USSG § 5G1.3 cmt. n.4.

Accordingly, the defendant has failed to show any prejudice from his attorney's representation.[1]

For these reasons, the United States' Motion to Dismiss, ECF No. 156, will be GRANTED and the § 2255 motion, ECF No. 138, will be DISMISSED.  A separate final order will be entered herewith.

DATED:   July 28, 2021

/s/  JAMES P. JONES
United States District Judge

---

[1]  The defendant has a possible remedy.  He may request the Bureau of Prisons to retroactively designate the state prison as the place for service of his federal sentence, thus running the sentences concurrently.  *See Lynn*, 912 F.3d at 217 (citing 18 U.S.C. § 3621(b)).